# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM HARRIS, JR., | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4502 |
| | : | |
| DANTE JULIA, *et al.*, | : | |
| Defendants. | : | OCT 2  2018 |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                          **OCTOBER    , 2018**

*Pro se* Plaintiff William Harris, Jr. filed this civil action against SEPTA, Dante Julia, and Debbie Gardner-Lozada, claiming that he was discriminated against and sexually harassed in employment. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Harris leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.   FACTS[1]

Harris filed the instant civil action using the Court's form complaint for a plaintiff filing employment discrimination claims. By checking the appropriate location on the form, Harris indicates that he was subjected to discrimination based on gender and sex because he was subjected to sexual harassment, that he was terminated from employment, and that SEPTA retaliated against him. (Compl. at 2-3.)[2] The Complaint, however, does not clearly or briefly describe the events upon which Harris's claims are based. In the form complaint, Harris states that he started with SEPTA on February 20, 2018. (*Id.* at 3.) He "made [his] allegation on or

---

[1] The following facts are taken from the Complaint and documents attached to the Complaint.

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

around March 14, 2018," and the investigation closed on April 10, 2018. (*Id.*) Harris tried to "save [his] career" on May 14, 2018. (*Id.*) He was suspended without pay or paperwork on May 21, 2018. (*Id.*) Harris filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 5, 2018, and his SEPTA employee pass stopped working on July 3, 2018. (*Id.* at 3, 4.) On July 13, 2018, SEPTA's payroll department deposited $2.50 in Harris' bank account; it deposited $1.50 to his account on August 10, 2018. (*Id.*) Harris alleges that on September 25, 2018, SEPTA Detective McCauley came to his house "to address a claim that [he] was in a barber shop showing pictures of Donte Julia attempting to hire someone." (*Id.*) Harris received a Notice of Right to Sue Letter from the EEOC on August 28, 2018. (*Id.* at 4.)

While Harris does not explicitly say so, it appears that he wants the Court to refer to the various documents attached to his Complaint to glean more information about his claims. Harris attached 120 pages of documents to his Complaint. These documents consist of: (1) a copy of SEPTA's response to Harris's EEOC charge, which Harris has annotated with his own comments and arguments; (2) a copy of SEPTA's workplace violence policy; (3) emails between Harris and SEPTA's Equal Employment Opportunity & Employee Relations Manager; (4) a copy of a completed SEPTA Missed Transportation Report; (5) SEPTA Regional Rail tickets; (6) copies of various SEPTA Division Notices; (7) information regarding health insurance; (8) a SEPTA Regional Rail map and fare information; (9) what appear to be homemade flash cards; and (10) copies of SEPTA Reports of Fare Not Paid and a Correction Notice. It is challenging for a court to process a Complaint based almost entirely on voluminous exhibits, rather than on short and plain statements in numbered paragraphs as required by the Federal Rules of Procedure. Regardless, the Court has reviewed the exhibits in an effort to understand the events that give rise to this case.

Harris's exhibits suggest that he claims to have been subjected to sexual harassment while employed by SEPTA and that he was retaliated against by being terminated when he complained about the harassment. Specifically, Harris suggests that SEPTA "subjected him to an audit concerning revenue discrepancies and suspended him without pay in retaliation for complaining to SEPTA's EEO/AA/ER department two months earlier about alleged sexual harassment by Director Donte Julia." (ECF No. 2-1 at 1.) From Harris's exhibits, it appears that Debbie Gardner-Lozada was a Revenue and Parking Manager who met with Harris about revenue collection issues. (*Id.* at 3.)

Harris indicates, by checking the appropriate location on the form complaint, that he brings his claims pursuant to the Pennsylvania Human Relations Act ("PHRA"). (Compl. at 1.) However, his Complaint could also be liberally construed to assert claims under Title VII. As relief, he requests that the Court direct SEPTA to rehire him, that the Defendants "be arrested and jailed," that he receive an apology and payment for pain and suffering, and that he receive damages and appropriate injunctive relief. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Harris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(quotations omitted). Conclusory allegations do not suffice. *Id.* This plausibility paradigm "applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Harris is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Harris's Pleading Does Not Comply with the Federal Rules of Civil Procedure

Harris's filing does not comply with Federal Rules of Civil Procedure 8 and 10. The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian v. St Mary's Med. Ctr.*, No. Civ.A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic,*

4

*Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Here, Harris has only included vague allegations in his Complaint. Instead, he appears to rely almost entirely on his exhibits, which total 120 pages, and which include several documents, such as SEPTA Regional Rail tickets and a map, that do not appear to have any relevance to Harris's claims. By presenting his claims in this matter, Harris has failed to comply with the relevant procedural rules, making it difficult for the Defendants to meaningfully respond to his pleading and for the Court to process his Complaint because it does not contain any allegations at all. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not,

5

without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).").

Harris will be given an opportunity to file an amended complaint that sets forth factual averments in numbered paragraphs to which the Defendants can respond as envisioned by the Federal Rules of Civil Procedure. Harris may use the Court's form complaint for filing an employment discrimination case if he chooses to do so and may attach any additional pages as necessary to articulate his claims. He need not file all supporting documentation with any amended complaint and should not rely exclusively on exhibits to state the basis for his claims. *See Young v. Demehick*, 363 F. App'x 156, 158 (3d Cir. 2010) (per curiam) ("The District Court correctly stated that Young's submission of a multitude of documents in support of his complaint did not comply with its order to file an amended complaint").

### B. The Complaint Does Not State a Claim as Pled

#### 1. Claims Against Julia and Gardner-Lozada

As noted above, Harris has named Dante Julia and Debbie Gardner-Lozada, both of whom were employees of SEPTA during the time in question, as Defendants in this matter. It appears that he seeks to hold them individually liable under the PHRA and, possibly, Title VII. The United States Court of Appeals for the Third Circuit has held, however, that employees are not individually liable under Title VII and, generally, the PHRA.[3] *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996).

---

[3] The Court recognizes that section 955(e) of the PHRA forbids "any person, employer, employment agency, labor organization or employe[e], to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . . ." 43 Pa. Cons. Stat. § 955(e). Therefore, "individual supervisory employee[s] can be held liable under an aiding and abetting accomplice liability theory . . . for [their] own direct act[s] of discrimination or for [their] failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F.

6

### 2. Claims Against SEPTA

Title VII prohibits discrimination in employment based on, among other things, gender and sex. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). The Supreme Court has held that a claim of sexual harassment is a form of sex discrimination actionable under Title VII. *See generally Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986). "To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her [gender or sex], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *E.E.O.C.*, 778 F.3d at 449. "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Id.* (quotations omitted). Claims under the PHRA "are governed by essentially the same legal standards" as the federal analogues. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 n.8

---

Supp. 2d 885, 887 (E.D. Pa. 1998). However, from the way Harris has presented his Complaint, the Court cannot discern whether he is seeking to hold Julia and Gardner-Lozada liable under this section of the PHRA. Moreover, as discussed below, if Harris is seeking to only proceed on claims under the PHRA, it does not appear that the Court has diversity jurisdiction over such claims.

7

(3d Cir. 2016). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Harris's filing reflects his belief that he was subjected to a hostile work environment in the form of sexual harassment, and that he was retaliated against when he complained about the harassment. However, as noted above, the way in which Harris has prepared his Complaint makes it difficult for the Court to determine which allegations he is relying upon to support his claims. At this time, the Court cannot discern whether the discrimination Harris alleged is related to his gender and sex. *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (per curiam) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)). It is also not clear how Harris was retaliated against, as it is not clear that he complained of conduct prohibited by relevant law, what adverse employment action was allegedly taken against him, or how any such adverse action was causally connected to his complaints. *See, e.g., Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (two months between employee's request and termination was not unusually suggestive of retaliation). However, as it is possible that Harris could explain a basis for his claims that would clarify those matters apart from relying on exhibits, he will be given an opportunity to file an amended complaint.

C. **Lack of Subject Matter Jurisdiction**

To the extent Harris's Complaint can be construed as raising only PHRA claims, he has not stated a basis for the Court's subject matter jurisdiction. The only independent basis for

8

jurisdiction over those state law claims is 28 U.S.C. § 1332. Under section 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). It is Robinson's burden to establish a basis for jurisdiction over his claims. *See id.* at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "'The citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members.'" *Lincoln Ben. Life Co.*, 800 F.3d at 105 (quoting *Zambelli*, 592 F.3d at 420). A plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter. *Id.* at 107.

The Complaint does not allege the citizenship of the parties. As Harris resides in Pennsylvania and was most recently employed in Pennsylvania, it appears as though he is a

9

citizen of Pennsylvania. However, as the Complaint does not provide sufficient information about the Defendants' citizenship, it is not clear that the parties are diverse. Moreover, this Court has previously recognized that SEPTA is a citizen of Pennsylvania. *See K.W. ex rel. White v. SEPTA*, No. 16-5578, 2018 WL 1583676, at *1 (E.D. Pa. Mar. 30, 2018); *see also Malley v. SEPTA*, 104 F. App'x 224, 226 n.2 (3d Cir. 2004). Given this, the Complaint fails to establish the complete diversity required to exercise jurisdiction under § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Harris leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment. Harris's Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

BY THE COURT:

**WENDY BEETLESTONE, J.**