# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HARRIS, JR., <br> **Plaintiff,** | CIVIL ACTION |
| v. | |
| DONTE JULIA, et al., <br> **Defendants.** | NO. 18-4502 |

## MEMORANDUM OPINION

William Harris, Jr. is a *pro se* plaintiff who brought this civil action alleging that a fellow SEPTA employee made sexually explicit comments to him, before and during Plaintiff's employment with SEPTA, and that SEPTA retaliated against him for reporting these comments. For the reasons that follow, his claims will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

Plaintiff filed an initial Complaint on October 19, 2018, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Rights Act, 43 P.S. § 951. Plaintiff was granted leave to proceed *in forma pauperis* but his Complaint was dismissed without prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 10 and failure to state a claim as pled. Plaintiff filed an Amended Complaint on December 12, 2018 which was dismissed without prejudice on April 19, 2019. Plaintiff filed a Second Amended Complaint on August 20, 2019. The Court granted Defendants' Motion for a More Definitive Statement and ordered Plaintiff to provide a description of his specific claims and supporting facts in a further amended complaint. On December 19, 2019, Plaintiff filed the operative Amended Complaint. He was thereafter ordered to show cause why this action should not be dismissed in that it failed to provide a more definite statement of the claims as ordered. In

response, Plaintiff submitted an additional statement and exhibits in support of his claims. Defendants' moved to dismiss the Amended Complaint on February 11, 2019. Following Plaintiff's failure to timely respond, Plaintiff was ordered to file a response to the Motion to Dismiss and show cause why this matter should not be dismissed by May 6, 2021. Over a month after the deadline therein, Plaintiff has still not responded.

Given Plaintiff's failure to comply with court orders and prosecute this case, his claims will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, as well as under the inherent power of the court, a case may be dismissed with prejudice for want of prosecution"). In reaching this decision, the Court finds that the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir.1984) weigh in favor of dismissal. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (affirming district court's dismissal for failure to prosecute or comply with court orders after consideration of *Poulis* factors). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal . . .; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (alterations omitted).

First, Plaintiff is personally responsible for his conduct and the progress of his case as he is proceeding *pro se*. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"). Moreover, the procedural history of this case demonstrates Plaintiff's history of dilatoriness. In light of his *pro se* status, Plaintiff has been afforded many opportunities to file a complaint properly pleading his claims since filing this

action in October 2018. Still, Plaintiff has failed to diligently pursue his claims and caused the litigation to grind to halt. Defendants are prejudiced by the delays caused by Plaintiff's repeatedly insufficient complaints, failure to timely respond to Defendants' Motion to Dismiss, and failure to abide by court orders.

Furthermore, an alternative sanction such as a monetary sanction or attorney's fees would be ineffective against this *pro se* litigant who is proceeding *in forma pauperis*. *See Briscoe*, 538 F.3d at 262-63 (concluding that "monetary sanctions, including fines, costs, or payment of attorneys' fees were unavailable" against a *pro se* litigant proceeding *in forma pauperis* because he would not be able to pay fines and "had no attorney upon whom the District Court could impose the expenses for failing to comply with the court's orders"). Finally, the Plaintiff's failure to respond to the substance of the Defendants' motions to dismiss suggests that his claims lack merit. Defendants have filed two such motions, each of which raised similar issues to those addressed by the Court upon dismissing Plaintiff's first complaint. That Plaintiff has not responded to these arguments or corrected the apparent deficiencies despite filing four complaints over the last two and a half years indicates the weakness of his claims.

While there is nothing in the record to suggest that Plaintiff acted willfully or in bad faith in flouting the order to respond and show cause, on balance, the *Poulis* factors overwhelmingly support the decision to dismiss the case in the face of Plaintiff's failure to comply with Court orders and pursue his now years-old claims.

An appropriate order follows.

**June 22, 2021**                                                                                 **BY THE COURT:**

                                                                                                  **/s/Wendy Beetlestone, J.**
                                                                                                  _____
                                                                                                  **WENDY BEETLESTONE, J.**